**SULAIMANLAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSULA G. GREKOV,<br><br>Plaintiff,<br><br>v.<br><br>AMSHER COLLECTIONS SERVICES INC., and MAURY COBB, ATTORNEY AT LAW, LLC,<br><br>Defendants. | Case No. 2:22-cv-07828<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ.***<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *ET SEQ.***<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

**NOW COMES** Osula G. Grekov ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of AmSher Collections Services ("AmSher"), and Maury Cobb, Attorney at Law, LLC ("Maury Cobb") (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of California and all of the events or omissions giving rise to the claims occurred in the Central District of California.

4. Joinder of Plaintiff's claims against Defendants are proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a consumer, and a natural person over 18-years-of-age who, at all times relevant, resided in the Central District of California.

6. AmSher is a debt collection agency. AmSher engages in collecting or attempting to collect, directly or indirectly, defaulted debts owed or due using the

mail, credit reporting, and telephone from consumers across the country, including consumers in the State of California. AmSher's principal place of business is located at 4524 Southlake Pkwy #15, Hoover, Alabama 35244.

7. Maury Cobb are attorney debt collectors who engage in collecting or attempting to collect, directly or indirectly, defaulted debts owed or due using the mail, credit reporting, and telephone from consumers across the country, including consumers in the State of California. Maury Cobb's principal place of business is located at 600 Beacon Parkway West, Suite 300B, Birmingham, Alabama 35209.

## FACTS SUPPORTING CAUSE OF ACTION

8. In or around October 2022, Plaintiff discovered that AmSher reported to her credit files a debt, originally owned by Charter Communications LLC ("Charter"), in the amount of $120 ("alleged debt").

9. Unaware of what this debt was related to, Plaintiff reached out to AmSher to inquire what the debt was for. AmSher then redirected Plaintiff to Maury Cobb who told Plaintiff it was for failure to return cable equipment to Charter. However, Plaintiff returned all equipment to Charter on April 5, 2021.

10. Plaintiff expressed to Maury that she does not owe any debt and returned all of her equipment back to Charter when she cancelled her service.

11. Maury Cobb disregarded Plaintiff's claims that she does not owe the debt and demanded payment immediately for the alleged debt.

12. Plaintiff then contacted Charter to ask if there was any unpaid bill that was sent to collections. A representative for Charter told Plaintiff that her account was closed in April and that she properly returned her equipment back to Charter on April 5, 2021. The representative further stated that her last bill was paid on April 23, 2022.

13. Moreover, Plaintiff was told by a Charter representative that there was never an unpaid bill sent to collections on its behalf and that her account was closed without any outstanding debts.

14. Despite explaining to AmSher and Maury Cobb that she does not owe the debt, they were unhelpful in trying to help Plaintiff resolve the issue. At no time did Plaintiff owe the alleged debts to Defendant or any of its predecessors.

15. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

## DAMAGES

16. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

17. Plaintiff has expended time and incurred costs consulting with his attorney as a result of Defendant's unfair, deceptive, and misleading actions.

18. Specifically, in October 2022, Plaintiff was denied a home loan due to Defendant's inaccurate and fraudulent reporting of the alleged debt on each of Plaintiff's credit files.

19. Moreover, Plaintiff and her daughter were forced to pay out of pocket expenses to live out of a hotel due to Defendants inaccurate and fraudulent credit reporting.

20. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the alleged debt.

21. Defendant's harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, out of pocket expenses, invasion of privacy, nuisance, wasting Plaintiff's time, increased risk of future identity theft, harassment, depression, emotional distress, anxiety, and loss of concentration.

**COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
(AGAINST AMSHER)

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. The alleged debts are "debt[s]" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

26. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was allegedly in default. 15 U.S.C. §1692a(6).

27. Defendant used collection letters and credit reporting to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

28. Defendant violated 15 U.S.C. §1692e, e(2), e(8), e(10) and f through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692e**

29. Pursuant to 15 U.S.C. §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of any debt.

30. Defendant violated §1692e and e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant falsely attempted to collect the alleged debt from Plaintiff despite Plaintiff not owing the alleged debt.

31. Defendant violated §1692e(8) by communicating false and inaccurate credit reporting information regarding the alleged debt to Plaintiff. Defendant knew or should have known that the subject debt was paid in full and that Plaintiff no longer owed the alleged debt.

32. Moreover, Defendant violated §1692e(8) by failing to notate to the credit reporting agency, that the alleged debt was paid in full by Plaintiff. Plaintiff communicated to Defendant that she does not owe the alleged debt, yet Defendant

6

failed to notate the subject debt as disputed and paid to one or more credit reporting agencies, including Equifax and TransUnion.

33. Defendant violated §1692 e(10) by using false, deceptive, and misleading representation in connection to collection of the alleged debt. In order to secure payments of the alleged debt, Defendant falsely misrepresented Plaintiff's legal obligation to pay alleged debt despite Plaintiff not owning the alleged debt and having no legal obligation to pay.

34. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect debt not owed.

### b. Violations of FDCPA § 1692f

35. Defendant violated §1692f when it used unfair and unconscionable means to collect the alleged debt from Plaintiff personally. The alleged debt was not owed at the time Defendant demanded payment, but Defendant demanded Plaintiff make a payment on alleged debt even though Charter confirmed Plaintiff did not owe anything and was in good standing at the time of her cancellation.

36. Defendant violated §1692f(1) because Plaintiff was not responsible for the alleged debt as it was paid in full. Plaintiff was confused as to why the Defendant would be collecting on a debt that was paid in full.

37. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt not owed at the time it made demands for payment.

38. As pled above, Plaintiff was harmed by Defendant's conduct.

39. Upon information and belief, Defendant has no system in place to document, archive, and cease collection of debts not owed.

**WHEREFORE**, Plaintiff, OSULA G. GREKOV, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. §1692k;

c. Award Plaintiff statutory damages of $1,000.00 for the underlying FDCPA violations, pursuant to 15 U.S.C. §1692k;

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. §1692k;

e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1692k; and

f. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST MAURY COBB)

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

42. The alleged debt is a "debt[s]" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

43. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

44. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was allegedly in default. 15 U.S.C. §1692a(6).

45. Defendant used collection letters and credit reporting to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

46. Defendant violated 15 U.S.C. §1692e, e(2), e(10), f, and f(1) through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692e

47. Pursuant to 15 U.S.C. §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of any debt.

48. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant falsely attempted to collect the alleged debt from Plaintiff despite Plaintiff not owing the alleged debt.

49. Defendant violated §1692 e(10) by using false, deceptive, and misleading representation in connection to collection of the subject debt. In order to secure payments of the alleged debt, Defendant falsely misrepresented Plaintiff's legal obligation to pay the alleged debt despite Plaintiff not owning the debt and having no legal obligation to pay.

50. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect a debt not owed.

### b. Violations of FDCPA § 1692f

51. Defendant violated §1692f when it used unfair and unconscionable means to collect the alleged debt from Plaintiff personally. The alleged debt were not owed at the time Defendant demanded payment, but Defendant demanded Plaintiff make a payment on the alleged debt even though Charter confirmed Plaintiff did not owe anything and was in good standing at the time of her cancelation.

52. Defendant violated §1692f(1) when it attempted to collect the alleged debt despite Plaintiff not owing the alleged debt. The alleged debt was neither authorized by operation of law nor by the agreement creating the alleged debt.

53. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt not owed at the time it made demands for payment.

**WHEREFORE**, Plaintiff, OSULA G. GREKOV, respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. §1692k;

    c. Award Plaintiff statutory damages of $1,000.00 for the underlying FDCPA violations, pursuant to 15 U.S.C. §1692k;

    d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. §1692k;

    e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1692k; and

    f. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST AMSHER)

54. Plaintiff restates and realleges paragraphs 1 through 53 as though fully set forth herein.

55. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

56. The alleged debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

57. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

    **a. Violations of RFDCPA §1788.17**

58. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

59. As outlined above, through its conduct in attempting to collection upon the alleged debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, e(2), e(10) and f of the FDCPA. Therefore, Defendant engaged in noncompliant conduct in its attempts to collect debts not owed from Plaintiff, in violation of the RFDCPA.

60. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendants' willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

61. As alleged above, Plaintiff was harmed by Defendant's misrepresentations in connection with the collection of the alleged debt not owed by Plaintiff.

**WHEREFORE**, Plaintiff, OSULA G. GREKOV, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations, pursuant to 15 U.S.C. §1692k;

c. Award Plaintiff statutory damages of $1,000.00 for the underlying RFDCPA violations;

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

e. Award Plaintiff costs and reasonable attorney's fees; and

f. Award any other relief as this Honorable Court deems just and proper.

### COUNT III - VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST MAURY COBB)

62. Plaintiff restates and realleges paragraphs 1 through 61 as though fully set forth herein.

63. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

64. The alleged debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

65. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

**a. Violations of RFDCPA §1788.17**

66. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or

13

attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

67. As outlined above, through its conduct in attempting to collection upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, e(2), e(10) and f of the FDCPA. Therefore, Defendant engaged in noncompliant conduct in its attempts to collect debts not owed from Plaintiff, in violation of the RFDCPA.

68. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendants' willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

69. As alleged above, Plaintiff was harmed by Defendant's misrepresentations in connection with the collection of the alleged debt not owed by Plaintiff.

**WHEREFORE**, Plaintiff, OSULA G. GREKOV, respectfully requests that this Honorable Court:

    a.    Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.    Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations, pursuant to 15 U.S.C. §1692k;

    c.    Award Plaintiff statutory damages of $1,000.00 for the underlying RFDCPA violations;

    d.    Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

e. Award Plaintiff costs and reasonable attorney's fees; and

f. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: October 27, 2022　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　**Osula G. Grekov**

　　　　　　　　　　　　　　　　　　　　　By: */s/ Alexander J. Taylor*

　　　　　　　　　　　　　　　　　　　　　Alexander J. Taylor, Esq.
　　　　　　　　　　　　　　　　　　　　　Atlas Consumer Law
　　　　　　　　　　　　　　　　　　　　　2500 S. Highland Avenue, Suite 200
　　　　　　　　　　　　　　　　　　　　　Lombard, Illinois 60148
　　　　　　　　　　　　　　　　　　　　　Telephone: 331-3077646
　　　　　　　　　　　　　　　　　　　　　Facsimile: 630-575-8188
　　　　　　　　　　　　　　　　　　　　　Email: ataylor@sulaimanlaw.com